TOLSON, APPELLANT, *v.* CITY OF
MIDDLETOWN ET AL., APPELLEES.

(No. CA84-11-137—Decided
May 28, 1985.)

*Sandra Mendel,* for appellant.
*Sheldon A. Strand,* law director, for
appellees.

JONES, J. Appellant, Boyce R. Tolson, was employed by appellee city of Middletown as a laborer in the classification of Laborer I during the latter part of 1983 when the city suffered serious financial problems requiring it to lay off twenty-four employees in fourteen different classifications. Appellant was employed in the Division of Water Distribution, which division was financially somewhat self-sustaining, and therefore contends that since a lack of funds was not shown for his particular division he should have been retained as an employee, even though such retention would have required a layoff of other employees in his classification having greater seniority whose wages were paid from the general fund. The city was upheld by the Middletown City Civil Service Commission and the commission's decision was affirmed by the Butler County Court of Common Pleas.

Appellant presents the following assignments of error:

"I. The MCSC decision is not based upon a preponderance of the evidence. Therefore, the decision of the lower court must be reversed.

"II. In the alternative, the lower court should have taken additional evidence under ORC Chapter 2506 to consider whether Tolson was paid out of the water and sewer fund.

"III. In the alternative, it is uncontroverted that there was no lack of funds in the water distribution fund from which appellant was paid. Therefore, no positions paid from the water distribution fund may be laid off, contrary to the decision of the lower court."

Although designated as separate assignments of error, the first and third assignments essentially claim only one error, *i.e.,* the common pleas court erred in affirming the decision of the Middletown Civil Service Commission, and we are therefore not required to consider each assignment separately. The trial court was required to affirm if the decision of the commission was supported by reliable, probative and substantial evidence, and was in accordance with law. The court so found, and we find no error in such finding. We therefore affirm.

Appellant's so-called second assignment of error can be treated summarily. Appellant contends that he should have been permitted to offer additional evidence pursuant to R.C. 2506.03, in proof that he was paid from the water

distribution fund. Such was conceded in common pleas court and there was simply no necessity in allowing appellant to prove that which was already admitted to be true.

The record reveals that the city had employed eight laborers in the classification of Laborer I and laid off those four with the least number of retention points. All eight laborers were assigned by the city to various duties such as working at the golf course, in the street department, in the parks, and in the Division of Water Distribution. The record reveals and the parties agree that the city had insufficient funds as defined by R.C. 124.321, and that the layoffs were therefore justified. Appellant contends, however, that since the water distribution fund, from which appellant was paid, was a self-sustaining fund suffering from neither a current nor a projected deficit, his layoff was not permitted. Such argument ignores the fact that the city is permitted by law to assign the employees in appellant's classification to different duties, from time to time, as needed. Appellant does not challenge that fact. It would therefore seem plausible that appellant would not have challenged his layoff had he simply been transferred from the Division of Water Distribution to another division such as Division of Sanitation prior to the layoff. The other three employees laid off from the Laborer I classification were in the Divisions of Sanitation, Golf Course, and Waste Water Treatment. Such divisions, however, are not self-sustaining from a standpoint of fees as is true of the Division of Water Distribution where funds are derived from the establishment of water rates and can therefore be increased to prevent a deficit. As the common pleas court pointed out in a well-written decision, appellant cannot insulate himself from layoff by working in a division where his wages are paid from a self-sustaining fund. To do so would permit the appointing authority to ignore the protection afforded workers having seniority under the civil service system, by simply assigning favorite employees to work in divisions where funding is not a problem, and other workers in positions where the division might have a problem with funding from time to time.

R.C. 124.321(B) states in part:

"Employees may be laid off as a result of a lack of funds *within an appointing authority.* * * *"

In the case at bar the city of Middletown is the appointing authority, not the Division of Water Distribution. The statute requires the appointing authority to determine whether a lack of funds exists, and defines a lack of funds as follows:

"A lack of funds means an appointing authority has a current or projected deficiency of funding to maintain current, or to sustain projected, levels of staffing and operations." *Id.*

Since the statute imposes upon the city only the duty to determine if a lack of funds exists *within the appointing authority,* the fact that some divisions may have a surplus while others have a deficit is totally irrelevant to the city's ability to meet its obligations and pay its employees.

R.C. 124.322 provides in part:

"Whenever a reduction in the work force is necessary, the appointing authority of an agency shall decide in which classification or classifications the layoff or layoffs will occur and the number of employees to be laid off within each affected classification. Employees shall be laid off using systematic consideration of length of continuous service and efficiency in service. * * *"

By such section it is clear that the city had the job of determining in which category or classification layoffs were to occur. It is equally clear that the only factor which the city would be permitted

to use in selecting the employees for layoff is a comparison of retention points. Those with the fewest retention points are laid off first, and the evidence reveals that of the eight employees in the classification of Laborer I, the four employees with the fewest retention points were the ones chosen for layoff. The remaining four employees in the classification of Laborer I were retained. The city followed the seniority rules of the civil service system. The Court of Common Pleas of Butler County was correct in finding that the decision of the Middletown City Civil Service Commission was supported by reliable, probative and substantial evidence, and was in accordance with law. We therefore affirm.

*Judgment affirmed.*

KOEHLER, P.J., and COFFMAN, J., concur.

COFFMAN, J., of the Court of Common Pleas of Fayette County, sitting by assignment in the Twelfth Appellate District.